[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Appeal from the determination by the Probate Court for the District of Hartford that the fees requested by the defendant, William J. Bumster, were reasonable; and, its denial of the plaintiffs' motion to remove William J. Bumster as a co-executor of the Estate of John Peter Apostle, a.k.a. J. Peter Apostle.
The only issue presented by the plaintiff, Mary Ann Apostle, concerns the reasonableness of the defendant's fees.[1]
CT Page 7630
The court finds that the plaintiff, Mary Ann Apostle, as the principal beneficiary of the estate, is aggrieved by the action of the Probate Court and has standing to pursue this action.[2]
As a procedural matter, the court notes that the issues presented through this appeal were not presented at the Probate Court's hearings wherein a record was preserved.[3] Thus, this court will proceed de novo in hearing these issues in its jurisdictional capacity as a probate court.[4]
The factual setting for this appeal concerns the attorney's fees presented by the defendant for his services in the probating of the Estate of John P. Apostle.
Mary Ann Apostle, the plaintiff, a sister of the decedent and the principal beneficiary of his will; together with the defendant, William J. Bumster, were designated as co-executors in the decedent's will, and were so appointed by the Probate Court. Bumster also acted as attorney probating the estate.
The plaintiff for the most part handled the marshalling of the estate's assets and passed this information on to the defendant. To help out in identifying assets, the plaintiff consulted with Gay Saunderson. Saunderson had a long-term relationship with the decedent that ended shortly before decedent's illness and death. The plaintiff also retained an accountant to advise her on the estate's financial matters.
The plaintiff, together with Gay Saunderson and the accountant, worked at marshalling the assets and would pass this information on to the defendant who would set up the documentation for the probating of the estate as well as the state and federal tax returns.
Problems arose between the co-executors. The plaintiff, as the primary beneficiary, wanted to have the final determination in the disposition of assets required to settle the estate's expenses, especially the tax assessments. The defendant was concerned with making available sufficient non-liquid assets to provide for payment of the taxes expeditiously so as not to incur costs of penalties and interest.
Settling these disputes at times required the intervention of the Probate Court with resulting delays and incurring additional costs to the estate.
Other delays and expenses resulted when the decedent's son contested the admission of the will into probate. Also, delays resulted in dealing CT Page 7631 with out-of-state real estate; the sale of an airplane and similar matters that demanded a smooth working relationship between the co-executors to promptly process the probating of the estate.
An especially prickly situation arose when the defendant Bumster discovered that approximately $250,000 of cash was disposed of by the decedent prior to his death. The defendant insisted that the sum be accounted for in the tax returns filed for the estate. The plaintiff raised objections which further delayed the probating process.
Thus much of the delay in the probating process was directly attributable to the plaintiff's determination to control the day-to-day procedures of the probating process, and failure to accept Bumster's legal opinions regarding the probating and tax procedures.
As to the defendant's legal fees:
The plaintiff faults the defendant for acting in the dual capacity of co-executor and attorney of the estate. She cites no blanket prohibition preventing these dual responsibilities. She does raise an objection to the inclusion among the defendant's fees of charges that she feels should be properly carried out by the defendant in his capacity as co-executor rather than as attorney. And, presumably, at a lesser fee. However, neither of the parties' expert witnesses attempted to differentiate as to those duties that were applicable to an executor and those requiring the expertise of an attorney. Further, the plaintiff's expert opined that various fees for work performed by the defendant could have been done at a lower fee by the defendant as the co-executor or by a secretary or other non-professional. On the other hand, the defendant's expert pointed out that executor's fees, in larger asset estates, for the most part, are equal to or greater than are the attorney's fees.
The court is inclined toward greater reliance on the expert opinion of the defendant's witness because of his much greater background in estate tax work.
Therefore, the court finds that the defendant has proven by a fair preponderance of the evidence that the fees, in toto, are reasonable, taking into consideration the size and complexity of the estate[5]; the obstacles raised by the plaintiff that prolonged the probating period and the lack of complete cooperation on the part of the plaintiff in the efficient and expeditious conduction of her executrix' duties.
The court notes that the plaintiff contends that the defendant's level of proof as to his fees is by clear and convincing evidence to prevail herein. The court disagrees. Such proof may be required as to the CT Page 7632 fiduciary duties of an executor; however, the defendant is not presenting a claim herein for his fees as a co-executor. He has specifically limited the fees claimed to those relating to his services as an attorney. Thus, the court finds that the defendant's legal fees of $52,800, together with costs of $685.85, totalling $53,485.85, are reasonable and fair.
Therefore, the court finds for the defendant on the issues raised in the plaintiff's appeal from probate, and against the plaintiff.
Judgment may enter for the defendant together with applicable court costs.
Kremski, J.T.R.